# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHIREHAMPTON DRIVE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONALASSOCIATION; MTC FINANCIAL INC, dba Trustee Corps; LOUISA OAKENELL; and UNITED STATES OFAMERICA on behalf of TREASURY DEPARTMENT on behalf of INTERNAL REVENUE SERVICE,<br><br>Defendants.<br><hr>JPMORGAN CHASE BANK, N.A.,<br><br>Counter Claimant,<br><br>v.<br><br>SHIREHAMPTON DRIVE TRUST<br><br>Counter defendant. | Case No. 2:16-cv-02276-RFB-EJY<br><br>**ORDER** |

## I.     INTRODUCTION

Before the Court are Defendant United States of America Treasury Department, Internal Revenue Service's ("IRS") Renewed Motion for Summary Judgment, Plaintiff Shirehampton Drive Trust's ("Shirehampton") Motions for Summary Judgment, and Defendant JP Morgan Chase Bank, N.A's ("Chase") Motion for Summary Judgment. ECF Nos. 42 – 46. For the following reasons, the Court grants the IRS's motion, denies Chase's motion and grants Shirehampton's motion only as against Chase.

## II. PROCEDURAL BACKGROUND

Plaintiff Shirehampton sued Defendants on September 1, 2016 in the Eighth Judicial District Court in Clark County, Nevada. ECF No. 1-1. Shirehampton seeks a declaration from this Court that a Las Vegas property that it obtained at a foreclosure sale in 2013 was not encumbered by Chase's deed of trust. To that end, Shirehampton asserts claims for injunctive relief, quiet title and declaratory relief. The IRS removed the case to federal court on September 28, 2016. ECF No. 1. The IRS answered and counterclaimed against Plaintiff (and crossclaimed against Defendants) to enforce federal tax liens pursuant to 26 U.S.C. §§ 6321, 6322 and 7401 on October 12, 2016. ECF No. 6. Chase answered the complaint on October 27, 2016 and asserted counterclaims for quiet title under NRS 40.010, declaratory relief under NRS 30.010 and 28 U.S.C. § 2201, and unjust enrichment. ECF No. 8. Shirehampton answered the counterclaims. ECF Nos. 11, 13. On March 13, 2017, the Court dismissed Defendants MTC Financial Inc and Louisa Oakenell without prejudice. ECF No. On August 24, 2017, all remaining parties moved for summary judgment. ECF Nos. 24–26, 28. On March 22, 2018, the Court administratively stayed the case pending the Nevada Supreme Court's decision in <u>SFR Investments Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248 (Nev. 2018) and denied all pending summary judgment motions without prejudice. On August 23, 2018, the Court lifted the stay. ECF No. 41. All remaining parties moved for summary judgment on September 24, 2018. ECF Nos. 42 –45. All motions were fully briefed. ECF Nos. 47–50, 53 – 56.

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.

**a. Undisputed Facts**

This matter concerns a nonjudicial foreclosure on a property located at 705 Shirehampton Drive, Las Vegas, Nevada 89178 ("the property"). The property sits in a community governed by the Essex at Huntington Homeowners Association ("HOA"). The HOA requires its community members to pay dues.

Louisa Oakenell borrowed funds from MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife") to purchase the property in 2008. To obtain the loan, Oakenell executed a

promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Oakenell as the borrower, MetLife as the lender and Mortgage Electronic Registration Systems, Inc., ("MERS") as the beneficiary, was recorded on December 24, 2008. MERS assigned the deed of trust to Chase in May 2013.

Oakenell fell behind on HOA payments. The HOA, through its agent Red Rock Financial Services, LLC ("Red Rock") sent Oakenell a demand letter by certified mail for the collection of unpaid assessments on June 26, 2009. On July 21, 2009, the HOA, through its agent, recorded a notice of delinquent assessment lien. The HOA sent Oakenell a copy of the notice of delinquent assessment lien on July 24, 2009. The HOA subsequently recorded a notice of default and election to sell on October 21, 2009 and then a notice of foreclosure sale on September 18, 2012. Red Rock mailed copies of the notice of default and election to sell to Oakenell, the HOA, Republic Services, the IRS, and Metlife Home Loans. Red Rock did not mail a copy of the notice of default and election to sell to MERS. On January 28, 2013, the HOA held a foreclosure sale on the property under NRS Chapter 116. Shirehampton purchased the property at the foreclosure sale. A foreclosure deed in favor of Shirehampton was recorded on February 7, 2013.

In addition to falling behind on her HOA payments, however, Oakenell also stopped paying federal income taxes. The IRS subsequently filed notices of federal tax liens against Oakenell at the Clark County Recorder's office on May 1, 2009 and June 24, 2009. As of October 1, 2018, Oakenell had accrued $250,953. 37 in income tax liability plus daily compounding interest.

**IV. LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V.     DISCUSSION

The Court first addresses whether Shirehampton purchased the property subject to Chase's deed of trust. The Court concludes that it did not.

Chase argues that the foreclosure sale was void because the HOA, through its agent, did not comply with the notice requirements of the version of NRS 107.090 in effect at the time by serving a copy of the notice of default and notice of sale on MERS, its predecessor-in-interest. Nev. Rev. Stat. § 107.090(3)(b) (West 2009) (requiring that any person recording a notice of default mail a copy of the notice within 10 days of recording to "[e]ach other person with an interest whose interest or claimed interest is subordinate to the deed of trust."). However, the Nevada Supreme Court considered and rejected this argument in West Sunset 2050 Trust v. Nationstar Mortg., LLC, 420 P.3d 1032, 1034 (Nev. 2018). In that case, Nationstar argued that a HOA foreclosure sale was void because the HOA failed to provide statutorily required notice of the foreclosure sale to Nationstar's predecessor-in-interest Bank of America. The court noted that Nationstar did not allege that it was deprived of notice, and provided no explanation as to how Nationstar "was affected—much less injured—by defective notice to Bank of America." Id. The court also noted that the HOA had properly recorded the notice of default prior to the assignment of the deed of trust to Nationstar, thus giving Nationstar record notice of the notice of default. Id. The court thus concluded that "Nationstar's failure to allege prejudice resulting from defective notice dooms its claim that the defective notice invalidates the HOA sale." Id.

The Court finds the facts in this case to be substantially similar to Nationstar. Like Nationstar, Chase had record notice of the notice of default and the notice of foreclosure sale because it was assigned the deed of trust after both notices had already been recorded. Also like

/ / /

Nationstar, Chase has not alleged any prejudice resulting from the defective notice. The Court thus finds that Nationstar is controlling here and thus the imperfect notice did not render the sale void.

The Court next considers Chase's argument that the HOA did not intend to conduct a foreclosure on the superpriority portion of the lien. Chase argues that the HOA did not intend to foreclose on the superpriority portion of the lien because the assessment lien notices do not specify that the sale was a superpriority sale. Chase also points to a letter sent from Red Rock to the lender MetLife in which the letter says that "The Association's lien for Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder." Finally, Chase attaches a declaration from a supervisor at Red Rock stating that "Red Rock did not believe that any Association assessment lien enforcement to be conducted would result in the termination of any first deed of trust on the Property."

The Nevada Supreme Court has recently confirmed that a HOA may nonjudicially foreclose on the subpriority portion of its lien. See Cogburn St. Trust v. U.S. Bank Nat'l Ass'n, 442 P.3d 138 (Nev. 2018) (finding that HOA properly nonjudicially foreclosed on subpriority portion of lien after bank's tender satisfied superpriority portion of the lien). However, for the following reasons, the Court finds that Chase's evidence is insufficient to find that the HOA intended to foreclose on the subpriority portion of the lien as a matter of law and does not establish fraud, oppression or unfairness sufficient to void the sale.

First, the Nevada Supreme Court has affirmed time and again that foreclosure notices need not specify the superpriority component of the lien, pursuant to the version of NRS Chapter 116 that was in effect at the time. See, e.g., U.S. Bank, N.A. v. SFR Investments Pool 1, LLC, 414 P.3d 809 (Nev. 2018) (unpublished); Trust v. CitiMortgage, Inc., 417 P.3d 356 (Nev. 2018) (unpublished). Thus, the mere fact that the lien notices give a total amount owed rather than specifying only the amount owed on the superpriority portion of the lien is not enough to establish intent to foreclose only on the subpriority portion of the lien.

The Court also does not find the letter sent by Red Rock in which it states that its lien is junior to the senior lender/mortgage holder necessarily evinces intent to foreclose only on the subpriority portion of the lien. Although the letter states that "The Association's lien for

- 5 -

Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder," it also states directly after this sentence that, "This lien may affect your position." This letter does not indicate that the HOA intends to foreclose only on the subpriority lien. Indeed, the mention of the impact of the HOA lien on the bank's lien's priority supports the opposite conclusion. If the HOA intended to only foreclose on the subpriority portion of the lien then there would be no reason to mention the order of priority of the liens. The Court thus finds that the letter indicates that the HOA intended to foreclose on the superpriority portion of the lien.

Finally, the Court also finds the declaration of Julia Thompson, signed in August 2017—over four years after the foreclosure sale at issue here occurred—unsubstantiated and self-serving. The declaration begins by stating that Thompson was—at time the declaration was signed in 2017—a supervisor at Red Rock, and that Red Rock was a collection agent for the HOA and the property. But at no point in the declaration does Thompson confirm how she has personal knowledge of any of the facts the declaration later provides. The declaration does not allege that Thompson was working in her current capacity in 2009. It also does not identify contemporaneously generated documentation or records to support Thompson's claims about Red Rock's intent besides the notices and the letter that the Court has already found to be insufficient. The Court notes that the parties in this case deposed Thompson as Red Rock's 30(b)(6) representative, but Chase submits no deposition testimony on the question of Red Rock or the HOA's intent for the foreclosure sale—only this conclusory declaration. "[T]he district court can disregard a self-serving declaration that states only conclusion and not facts that would be admissible evidence." Nigro v. Sears, Roebuck and Co., 784 F.3d 495, 497–98 (9th Cir. 2015); see also Villarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (district court properly disregarded declaration including facts beyond the declarant's personal knowledge that also did not indicate how declarant knew the facts to be true). The Court finds the Thompson declaration to be conclusory and unsupported by personal knowledge, so it cannot establish the HOA's intent at the time of the sale as to whether it wished to foreclose on the subpriority or superpriority portion of the lien.

/ / /

This Court has previously addressed Chase's additional argument regarding the facial unconstitutionality of NRS Chapter 116, and thus incorporates by reference its reasoning in Carrington Mortg. Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F. Supp. 3d 1289, 1294 (D. Nev. 2019). Consequently, the Court finds that the deed of trust was extinguished by the HOA foreclosure sale.

The Court next addresses the priority of the IRS tax lien versus that of the HOA's lien. When the IRS assesses a person for unpaid federal taxes, a lien is created in favor of the United States as a matter of law. 26 U.S.C § 6321. While the lien is automatically created when the assessment occurs, the lien is not valid against purchasers, holders of security interests, mechanic's liens or judgment lien creditors until notice of it has been filed. 26 U.S.C. § 6323(a). "Federal tax liens do not automatically have priority over all other liens. Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that the 'the first in time is in the first in right.'" United States v. McDermott, 507 U.S. 447, 449 (1993). A competing state lien exists for "first in time" purposes when it has been "perfected"—meaning that the "identity of the lienor, the property subject to the lien, and the amount of the lien are established." Id. (internal citations omitted). Federal, rather than state law, determines when a lien is perfected, or choate. Loan Star Mortg. Servs., LLC v. Barker, 282 F. App'x 572, 573 (9th Cir. 2008) citing United States v. Pioneer Am. Ins. Co., 374 U.S. 84, 87–88 (1963).

The IRS first assessed Oakenell for lack of income tax payments on November 7, 2005 and July 3, 2006. The IRS then recorded its notice of tax liens with the Clark County recorder on May 1, 2009 and June 24, 2009. Oakenell first became delinquent on her HOA dues on March 1, 2009. The HOA recorded its notice of delinquent assessment lien in July 21, 2009. The HOA mailed Oakenell a copy of the notice of delinquent assessment lien on July 24, 2009. Despite these facts, Shirehampton argues that the HOA lien was first in time. Shirehampton claims that because the notice of delinquent assessment recorded in July 2009 incorporated delinquent assessments that had been owed since January 2009, it was technically first in time. Shirehampton points to the language of NRS 116.3116 at the time, which stated that the "association has a lien . . . from the time the . . . assessment or fine becomes due." NRS 116.3116 (West 2008). Oakenell did not

become delinquent until March 1, 2009, so Shirehampton thus argues that the HOA's lien perfected on March 1, 2009.

The Court disagrees. The Court finds that the HOA lien was not perfected until the notice of delinquent assessment lien was sent to the unit owner. "[A] lien cannot arise prior to the taking of any administrative steps to establish the lien." In re Priest, 712 F.2d 1326, 1329 (9th Cir. 1983) (internal citations omitted). Importantly, the Nevada Supreme Court has held that the mailing of the notice of delinquent assessment lien to the delinquent homeowner pursuant to NRS 116.31162(1)(a) "institutes proceedings to enforce the lien." Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 231 (Nev. 2017)("A party has instituted 'proceedings to enforce the lien' for purposes of NRS 116.3116(6) when it provides the notice of delinquent assessment."). It is the first administrative step to perfect the superpriority lien because "no action can be taken unless and until the HOA provides a notice of delinquent assessments pursuant to NRS 116.31162(1)(a)." Saticoy Bay LLC Series 2021, 388 P.3d at 231. The notice of delinquent assessment also establishes pursuant to NRS 116.31162(1)(a) the amount of the lien as is required under federal law before a lien can be perfected. Loan Star Mortg. Servs., 282 F. App'x at 573. While assessments and related fees may be delinquent prior to this mailing, they are not set until the mailing. See NRS 116.31162(1)(a) (explaining that notice must contain a set "amount" for the delinquency). As the mailing of the notice of delinquent assessment is the first administrative step to establish a superpriority lien and is the first time that the amount of this lien is fixed and set, the Court finds an HOA lien cannot be perfected under federal law until *at least* the notice of delinquent assessment lien has been provided to the unit owner. It is only with this notice that the identity of the lienor, property subject to the lien, and, most significantly, the amount of the lien are sufficiently established. NRS 116.31162(1)(a). In this case, Red Rock sent the notice of delinquent assessment lien pursuant to NRS 116.31162(1)(a) to Oakenell on July 24, 2009, which is after the IRS recorded its notice of tax liens.

Because the HOA lien was not perfected at the time that the IRS recorded its notice of tax liens, the IRS tax liens thus have priority over the HOA lien. See LN Mgm't LLC Series 31 Rue Mediterra v. United States Internal Revenue Service, 729 F.App'x 588 (9th Cir. 2018) (finding no

record evidence that identity of HOA lienors, property subject to lien, and amount of lien were established before notice of federal tax lien was recorded). The IRS is entitled to enforce its tax liens against the new owner of the property. See United States v. Bess, 357 U.S. 51, 57 (1958) (noting that "[t]he transfer of property subsequent to the attachment of [a federal tax lien] does not affect the lien").

## VI. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that Defendant United States of America's renewed Motion for Summary Judgment (ECF No. 42) is GRANTED. The IRS may enforce its tax liens against the current owner of the property.

**IT IS FURTHER ORDERED** that Plaintiff Shirehampton Drive Trust's Motion for Summary Judgment Against Defendant JP Morgan Chase Bank, N.A. (ECF No. 43) is GRANTED. The Court declares that Plaintiff Shirehampton Drive Trust acquired the property free and clear of Defendant JPMorgan Chase Bank's deed of trust.

**IT IS FURTHER ORDERED** that Defendant JPMorgan Chase Bank's Motion for Summary Judgment (ECF No. 44) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff Shirehampton Drive Trust's Motion for Summary (ECF No. 45) Judgment Against Defendant United States of America is DENIED. The Clerk of the Court is instructed to enter judgment accordingly and close the case.

**DATED:** September 29, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**