**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIREHAMPTON DRIVE TRUST, | No. 19-17254 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02276-RFB-EJY |
| v. | |
| UNITED STATES DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE COMMISSIONER, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| JPMORGAN CHASE BANK, N.A.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted September 2, 2020[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[***] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.

Shirehampton Drive Trust appeals the district court's entry of summary judgment in favor of the United States Department of the Treasury. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision *de novo*, *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020), and we affirm.

Beginning in 2003, Louisa Oakenell began falling behind on her federal income tax obligations. She has outstanding tax liabilities for tax years 2003, 2006, and 2007. The IRS filed notices of federal tax liens with the Clark County Recorder on May 1, 2009 and June 24, 2009.

Oakenell purchased a home in Las Vegas in 2008. On March 1, 2009, she failed to pay her monthly assessment to the Homeowner's Association ("HOA"). On March 10, 2009, the HOA assessed her a late fee. A debt collector working on behalf of the HOA sent her a letter via certified mail on June 26, 2009, explaining that it would record a lien for delinquent assessments on her property if she failed to make her payments. Then on July 21, 2009, the HOA's debt collector recorded with the Clark County Recorder's Office a delinquent assessment lien on the Oakenell property in the amount of $832.33. The debt collector sent Oakenell a

---

\*\*\*    The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

2

copy of the delinquent assessment lien via certified mail on July 24, 2009.

The sole issue in this case is the priority of liens as between the IRS liens and the HOA lien. The district court here found that the IRS tax lien has priority over the HOA lien because the HOA lien was not perfected at the time that the IRS recorded its notice of tax liens.

When the IRS assesses an individual for unpaid federal taxes, a lien is created in favor of the United States "upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien attaches at the time of assessment and continues until the liability is satisfied. 26 U.S.C. § 6322.

"Federal law governs the relative priority of federal tax liens." *Feiler v. United States*, 62 F.3d 315, 316 (9th Cir. 1995). Indeed, "it would be contrary to the federal policy of uniformity in the federal tax laws to permit the relative priority of federal tax liens to 'be determined by the diverse rules of the various states.'" *United States v. Equitable Life Assur. Soc'y. of the U.S.*, 384 U.S. 323, 331 (1966) (quoting *United States v. Speers*, 382 U.S. 266, 270 (1965)). The common law rule of "first in time is the first in right" governs the relative priority of a federal tax lien vis-à-vis a lien created under state law. *United States v. Pioneer Am. Ins. Co.*, 374 U.S. 84, 87 (1963). Under the first-in-time rule, choate state-created liens take priority over later-created federal tax liens; inchoate state-

3

created liens do not. *Pioneer Am. Ins. Co.*, 374 U.S. at 88; *see also Feiler*, 63 F.3d at 318 n.2 (explaining that the *Pioneer* choateness analysis still applies). A state-created lien is inchoate for priority purposes until the lienholder takes some administrative step to establish the lien. *In re Priest*, 712 F.2d 1326, 1329 (9th Cir. 1983).

Shirehampton argues that the HOA lien became choate on March 1, 2009, as soon as Oakenell failed to make an on-time payment. This argument lacks merit because the relevant date for choateness purposes is the date of the first administrative step. *See In re Priest*, 712 F.2d at 1329. The HOA took no administrative step to establish the lien until July 21, 2009 at the earliest, when it recorded the lien with the Clark County Recorder's Office.

The latest possible dates relevant to the relative priority of the IRS liens are May and June of 2009, when the IRS recorded its liens. The HOA's lien remained inchoate until July 21, 2009 at the earliest. Accordingly, the IRS liens have priority over the HOA's state-created lien under the first-in-time rule. *See Pioneer Am. Ins. Co.*, 374 U.S. at 87.

**AFFIRMED**.