DAVID A. HUBBERT
Deputy Assistant Attorney General

Kenton McIntosh (DCBN 1656705)
Connor J. Pestovich (NMBN 159189)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 514-3768 (KM)
Telephone: (202) 616-2378 (CP)
Fax: (202) 307-0054
E-mail: kenton.mcintosh@usdoj.gov
E-mail: connor.pestovich@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SHIREHAMPTON DRIVE TRUST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, *et al.*<br><br>　　　　Defendants. | Case No. 2:16-cv-2276-RFB-GWF<br><br>Removed from District Court,<br>Clark County, Nevada<br>Case No. A-14-695979<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND ORDER AND JUDGMENT**<br><br>ORAL ARGUMENT REQUESTED |
| UNITED STATES,<br><br>　　　　Counter-Claimant,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, *et al.*<br><br>　　　　Counter-Defendants. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>　　　　Counter-Claimant,<br><br>　　v.<br><br>SHIREHAMPTON DRIVE TRUST,<br><br>　　　　Counter-Defendant. | |

The United States agrees with Shirehampton Drive Trust that the foreclosure sale at issue was only voidable instead of void. The Nevada Supreme Court has held that when setting aside foreclosure sales under the rubric of *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* ("*Shadow Canyon*"), 405 P.3d 641 (Nev. 2017), and its progeny—as the Court did here—the sales are voidable. *See, e.g.*, *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 448 (2019); *see also Nationstar Mortg., LLC v. Thunder Properties, Inc.*, No. 2:17-CV-00713-JAD-NJK, 2020 WL 5805491, at *3 (D. Nev. Sept. 29, 2020) (analyzing the distinction of void and voidable under *Shadow Canyon*). Also, notably, in remanding this case to the Court, the Ninth Circuit stated that the Court should consider whether the sale was "voidable for unfairness." (ECF No. 70 at 6.)

This distinction is important. A void sale entails that "neither legal nor equitable title transfers to the sale purchaser or subsequent grantees," while in a voidable sale, "bare legal title passes to the sale purchaser, subject to the redemption rights of those injured by the defective foreclosure." Grant S. Nelson et al., "Defective power of sale foreclosure—'Void-voidable' distinction," 1 *Real Estate Finance Law* § 7:21 (6th ed. 2016); *cf., e.g.*, *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018) (citing *Real Estate Finance Law* § 7:21 favorably in the HOA foreclosure sale context). The right of redemption for a junior lienholder, such as JP Morgan Chase Bank in this case, typically allows the lienholder to purchase the senior lien to avoid foreclosure. *See* "Who may redeem," *Real Estate Finance Law* § 7:2. But in cases seeking to set aside a foreclosure sale, as here, the right includes the option to simply have the junior lien reinstated against the property. *See* "Defective power of sale foreclosure—Remedies," *Real Estate Finance Law* § 7:23.

The Court therefore should have simply held that Chase's lien survived the foreclosure sale as opposed to unwinding the entire transaction. Such a holding would accord with other courts' decisions determining voidability under *Shadow Canyon* principles. *See, e.g.*, *Ocwen Loan Servicing, LLC v. Teal Petals St. Tr.*, No. 2:16-CV-02653-APG-NJK, 2023 WL 6540205, at *6 (D. Nev. Oct. 5, 2023) (partially setting a foreclosure sale aside under *Shadow Canyon* such that the purchaser at an HOA foreclosure sale acquired the property subject to the junior deed of

trust); *Samsara Invs. LLC Series #4 v. Carrington Mortg. Servs., LLC*, 488 P.3d 678 (Nev. App. 2021) (affirming a determination to set aside a voidable HOA foreclosure sale to the extent it purported to extinguish the first deed of trust).

## CONCLUSION

For the foregoing reasons, the Court should amend its Order dated September 30, 2023 (ECF No. 93) to state that hold that Shirehampton acquired the Property subject to Chase's lien and not that the entire foreclosure sale was void.

DATED: November 8, 2023

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Kenton McIntosh*
KENTON MCINTOSH
Trial Attorney, Tax Division
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system

/s/Kenton McIntosh
Kenton McIntosh
Trial Attorney
U.S. Department of Justice
Tax Division