1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                        * * *

7    SHIREHAMPTON DRIVE TRUST,                    Case No. 2:16-cv-02276-RFB-EJY

8                        Plaintiff,                        **AMENDED ORDER**

9           v.

10   JPMORGAN CHASE BANK,
     NATIONAL ASSOCIATION, *et al.*,
11
                         Defendants.
12

13

14   UNITED STATES,

15                   Counter Claimant,

16          v.

17   JPMORGAN CHASE BANK,
     NATIONAL ASSOCIATION, *et al.*,
18
                    Counter Defendants.
19

20   JPMORGAN CHASE BANK, NATIONAL
     ASSOCIATION,
21
                    Counter Claimant,
22
            v.
23
     SHIREHAMPTON DRIVE TRUST,
24
                    Counter Defendant.
25

26

27          Before the Court is JPMorgan Chase Bank, National Association's Post-Remand Motion

28   for Summary Judgment. ECF No. 82. For the following reasons, the Court grants the motion.

## I.    FACTUAL BACKGROUND

The Court makes the following findings of undisputed facts.

The property at issue in this matter is located at 705 Shirehampton Drive, Las Vegas, Nevada 89178 ("the property"). The property sits in a community governed by the Essex at Huntington Homeowners Association ("HOA"). The HOA requires its community members to pay dues.

In 2008, Louisa Oakenell borrowed $340,407.00 to purchase the property by obtaining a loan from MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife"). As part of this process, Oakenell executed a promissory note and corresponding deed of trust to secure repayment of the note. The deed of trust lists Oakenell as the borrower, MetLife as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the beneficiary. The deed of trust was recorded on December 24, 2008.

After Oakenell stopped paying federal income taxes, the IRS filed notices of federal tax liens against Oakenell at the Clark County Recorder's office on May 1, 2009, and June 24, 2009. As of October 1, 2018, Oakenell had accrued $250,953.37 in income tax liability plus daily compounding interest.

Oakenell fell behind on HOA payments. The HOA, through its agent Red Rock Financial Services, LLC ("Red Rock") sent Oakenell a demand letter by certified mail for the collection of unpaid assessments on June 26, 2009. The following month, on July 21, 2009, the HOA, through Red Rock, recorded a notice of delinquent assessment lien. The HOA sent Oakenell a copy of the notice of delinquent assessment lien on July 24, 2009. The HOA subsequently recorded a notice of default and election to sell on October 21, 2009.

On September 18, 2012, the HOA recorded a notice of foreclosure sale. Red Rock mailed copies of the notice of default and election to sell to Oakenell, the HOA, Republic Services, the IRS, and MetLife Home Loans. Red Rock did not mail a copy of the notice of default and election to sell to MERS. On January 28, 2013, the HOA held a foreclosure sale on the property under NRS Chapter 116. Shirehampton entered the high bid of $9,700.00. A foreclosure deed in favor of

Shirehampton was recorded on February 7, 2013.

More than four years after its recording, in May 2013, MERS assigned the deed of trust to JPMorgan Chase Bank, National Association ("Chase").

## II.    PROCEEDURAL BACKGROUND

### a.  Original District Court Proceedings

Plaintiff Shirehampton sued Defendants on September 1, 2016, in the Eighth Judicial District Court in Clark County, Nevada. ECF No. 1-1. Shirehampton sought a court declaration that the property is not encumbered by Chase's deed of trust. To that end, Shirehampton has asserted claims for injunctive relief, quiet title, and declaratory relief.

The IRS removed the case to federal court on September 28, 2016. ECF No. 1. On October 12, 2016, the IRS answered and counterclaimed against Plaintiff (and crossclaimed against Defendants) to enforce federal tax liens pursuant to 26 U.S.C. §§ 6321, 6322 and 7401. ECF No. 6. Chase answered the complaint on October 27, 2016, and asserted counterclaims for quiet title under NRS 40.010, declaratory relief under NRS 30.010 and 28 U.S.C. § 2201, and unjust enrichment. ECF No. 8. Shirehampton answered the counterclaims. ECF Nos. 11, 13.

On March 13, 2017, the Court dismissed Defendants MTC Financial Inc and Louisa Oakenell without prejudice. ECF No. 20. On August 24, 2017, all remaining parties moved for summary judgment. ECF Nos. 24-26, 28. On March 22, 2018, the Court administratively stayed the case pending the Nevada Supreme Court's decision in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 134 Nev. 483 (2018), and denied all pending summary judgment motions without prejudice. ECF No. 39. On August 23, 2018, the Court lifted the stay. ECF No. 41. All remaining parties moved for summary judgment on September 24, 2018. ECF Nos. 42 -45. All motions were fully briefed. ECF Nos. 47-50, 53-56.

### b.  The Shirehampton I Order

On September 29, 2019, the Court granted summary judgment in favor of Shirehampton and the IRS. ECF No.63. In Shirehampton Drive Tr. v. JPMorgan Chase Bank, Nat'l Ass'n ("Shirehampton I"), the Court held that the IRS may enforce its tax liens against the current owner

1    of the property and that Shirehampton acquired the property free and clear of Chase's deed of trust.

2    417 F. Supp. 3d 1342, 1348 (D. Nev. 2019).

3         The Court, relying on the Nevada Supreme Court's decision in West Sunset 2050 Trust v.

4    Nationstar Mortg. LLC, 134 Nev. 352 (2018), concluded that, although the HOA did not comply

5    with the notice requirement in the version of NRS 107.090 in effect at the time, and the HOA did

6    not serve JPMorgan's predecessor in interest with a copy of the notice of default, JPMorgan failed

7    to show how its predecessor-in-interest was prejudiced. See Shirehampton I, 417 F. Supp. 3d at

8    1345. Like in West Sunset, JP Morgan "had record notice of the notice of default and the notice

9    of foreclosure sale because it was assigned the deed of trust after both notices had already been

10   recorded." Id. at 1346. JP Morgan also "ha[d] not alleged any prejudice resulting from the defective

11   notice." Id.

12        Thus, the Court found that West Sunset was "controlling here and thus the imperfect notice

13   did not render the sale void." Id. The Court then addressed JP Morgan's argument that the HOA

14   did not intend to foreclose on the subpriority portion. Id. at 1346-47 The Court found that the

15   evidence was insufficient to establish that the HOA did not intend to foreclose on the subpriority

16   portion of the lien. Id. Specifically, the HOA's letter to JP Morgan's predecessor-in-interest

17   suggests the opposite. Id. The Court incorporated by reference its holdings in Carrington Mortg.

18   Servs., LLC v. Tapestry at Town Ctr. Homeowners Ass'n, 381 F. Supp. 3d 1289, 1294 (D. Nev.

19   2019), where it held that NRS Chapter 116 is not unconstitutional on its face. Id. at 1347.

20        **c.   The Shirehampton II Order**

21        Shirehampton timely appealed the determination the IRS tax liens were enforceable, and

22   Chase timely appealed the Court's holding that Shirehampton acquired the property free and clear

23   of Chase's deed of trust. ECF No. 67, 67. The Ninth Circuit affirmed regarding the IRS tax liens,

24   Shirehampton Drive Tr. v. United States Dep't of Treasury, 827 F. App'x 775 (9th Cir. 2020).

25   However, in Shirehampton Drive Tr. v. JPMorgan Chase Bank, N.A. ("Shirehampton II"), the

26   Ninth Circuit reversed this Court's holding regarding the determination of the status of Chase's

27   deed of trust. 835 F. App'x 181 (9th Cir. 2020).

28        On appeal, Chase argued, inter alia, that "the foreclosure sale did not extinguish the deed

of trust and that the sale was voidable" because "the grossly inadequate auction purchase price of $9,700 (compared to a fair market value of approximately $270,000) made the sale voidable." Shirehampton II, 835 F. App'x at 183. The Ninth Circuit concluded, relying on Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon ("Shadow Canyon"), 405 P.3d 641 (Nev. 2017), that there were facts on the record that suggested that the sale was voidable for unfairness. Shirehampton II, 835 F. App'x at 183.

The Ninth Circuit noted that "the sale price was exceptionally low, 3.5 percent of the fair market value." Id. While it acknowledged that "low price alone does not condemn the sale," the Ninth Circuit nevertheless found that "two irregularities that the Nevada Supreme Court has specifically stated may rise to the level of fraud, unfairness, and oppression, and which, when combined with a low sale price, ma[d]e the sale here voidable." Id.

The Ninth Circuit identified two irregularities. First, the HOA did not mail the statutorily required notices to the deed of trust beneficiary, JP Morgan's predecessor in interest. Id. Second, "[the HOA] falsely represented in its letter to [the predecessor in interest] that the HOA's lien is "junior only to the Senior Lender/Mortgage Holder." Id. at 184. This "suggests that an eventual foreclosure sale by the HOA would not extinguish the deed of trust when, in fact, it would under Nevada law." Id. The Ninth Circuit used this second finding to distinguish West Sunset, which had found no alleged false representation. Id. (citing U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC, 444 P.3d 442, 449 (Nev. 2019)).

Because the case was distinguished from West Sunset, which Shirehampton I relied upon, the Ninth Circuit "reverse[d] the grant of summary judgement in favor of Shirehampton and remand for further proceedings consistent with this disposition." Id.

### d. Proceedings on Remand

On November 2, 2021, this Court issued an Order on Mandate and set a Status Conference for November 19, 2021. ECF No. 75, 76. At the status conference, the Court ordered the parties to brief a Motion for Summary Judgement on whether a trial should be held, or, in the alternative, judgement entered based on Shirehampton II. ECF No. 77.

On January 10, 2022, Chase filed the instant motion for summary judgment. ECF No. 82.

1   The motion was fully briefed. ECF No. 84, 85. This Court held a hearing on June 28, 2022, where
2   it made preliminary statements and heard representations of counsel regarding the motion for
3   summary judgment. ECF No. 88.

4

5       **III.    LEGAL STANDARD**

6       Summary judgment is appropriate when the pleadings, depositions, answers to
7   interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no
8   genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."
9   Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive
10  law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby,
11  477 U.S. 242, 248 (1986).

12      The moving party bears the burden of showing the absence of material fact. Celotex, 477
13  U.S. at 323. The burden then shifts to the nonmoving party to show specific facts demonstrating a
14  genuine factual dispute for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.
15  574, 587 (1986). When considering the propriety of summary judgment, the court views all facts
16  and draws all inferences in the light most favorable to the nonmoving party.  Gonzalez v. City of
17  Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).

18      However, the nonmoving party may not merely rest on the allegations of her pleadings.
19  She must produce specific facts by affidavit or other evidence showing a genuine issue of fact.
20  Anderson, 477 U.S. at 256 (1986). In other words, the nonmoving party "must do more than simply
21  show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
22  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine
23  issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation
24  marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility
25  determinations at the summary judgment stage.  Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th
26  Cir. 2017) (citations omitted).

27

28      **IV.    DISCUSSION**

The Court finds that it must address two issues. The adequacy of the foreclosure and the impact of the bona fide purchaser analysis on the title to the subject property.

In Nevada, the proper conclusion of a foreclosure on a homeowners' association super priority lien extinguishes all junior leans—including a first deed of trust. SFR Invs. Pool 1 v. U.S. Bank, 130 Nev. 742 (2014). However, a court may provide equitable relief from an homeowners' association lien foreclosure sale where there is an inadequacy of price alongside proof of some element of fraud, unfairness, or oppression that accounts for and brings about that inadequate price. See U.S. Bank, N.A. v. S. Highlands Cmty. Ass'n, 999 F.3d 1185 (9th Cir. 2021) (collecting and reviewing the relevant Nevada case law and history). If such a foreclosure sale is found to be voidable by a court, only a finding that the purchaser is a bona fide purchaser will preserve the competing title of the purchaser. See U.S. Bank v. Res. Grp. LLC, 135 Nev. 199, 205 (2019).

Chase argues that Shirehampton II established that the foreclosure sale here is voidable as a matter of law and that Shirehampton is not a bona fide purchaser. Shirehampton, by contrast, argues that the foreclosure sale is not voidable and, even if it were, that Shirehampton is a bona fide purchaser. The Court first looks to the effect of Shirehampton II on this case before turning to the voidability versus bona fide purchaser analysis.

### a.  The Effect of Shirehampton II

Shirehampton II reviewed this Court's order in Shirehampton I de novo. 835 F. App'x at 182 (citing LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 949 (9th Cir. 2020)). The Ninth Circuit viewed the evidence in the record in the light most favorable to Chase and then determined whether there were any genuine issues of material fact and whether Shirehampton I applied the relevant substantive law. Riley's Am. Heritage Farms v. Elsasser, 32 F.4th 707, 719 (9th Cir. 2022) (quoting L.F. v. Lake Walsh. Sch. Dist. #414, 947 F.3d 621, 625 (9th Cir. 2020)). Importantly, the Ninth Circuit "do[es] not weigh the evidence or determine the truth of contested matters; [they] look only to whether a material factual dispute remains for trial. Abdul-Jabbar v. General Motors Corp., 85 F.3d 407, 410 (9th Cir. 1996).

As explained previously, Shirehampton I relied significantly on the Nevada Supreme

Court's decision in <u>West Sunset</u>. 417 F. Supp. 3d at 1346. This Court made two factual findings concerning irregularities. First, that Chase had record notice of default and notice of the foreclosure sale and under <u>West Sunset</u> that prevented rending the sale void. <u>Id.</u> Second, that Chase's evidence is insufficient to find that the HOA intended to foreclose on the subpriority portion of the lien as a matter of law. <u>Id.</u> at 1346-47. With no irregularities found, the Court held that the sale was not voidable and, thus, Shirehampton prevailed as a matter of law. <u>Id.</u> at 1345. Because there were no irregularities, the Court made <u>no factual findings</u> regarding whether the sale price was inadequate and, if so, to what extent. <u>See</u> <u>id.</u> at 1344-45. Indeed, one of the arguments raised by Chase with the Ninth Circuit was that this Court had failed to make any factual findings.

Reading the facts in the light most favorable to Chase, the Ninth Circuit made three observations: (1) that the sale price was "exceptionally low," (2) that Red Rock failed to send the statutorily required notices, and (3) that Red Rock falsely suggested in its letter to MetLife that a foreclosure sale would not extinguish the deed of trust. <u>Shirehampton II</u>, 835 F. App'x at 183-84. On that basis, the Ninth Circuit distinguished <u>West Coast</u> and said the two irregularities "may rise to the level of fraud, unfairness, or oppression, and which, when combined with a low sale price, make the sale here voidable." <u>Shirehampton II</u>, 835 F. App'x at 183. Therefore, <u>Shirehampton II</u> held that summary judgement for Shirehampton was erroneous.

Chase argues that <u>Shirehampton II</u> established as "law of the case" that the foreclosure sale was voidable. Chase points to the Ninth Circuit's statement that "the grossly inadequate sales price, combined with Red Rock's misrepresentation of the effect of the foreclosure and the failure to provide statutorily required notice, render the sale voidable for unfairness." <u>Id.</u> at 184. To support this proposition Chase cites <u>United States v. Houser</u>, 804 F.2d 565 (9th Cir. 1986). <u>Houser</u> stands for the well-worn principle that reconsideration of legal questions previously decided should be avoided and, in the case of a district court, are binding when decided by an appellate court. <u>Id.</u> at 567. Accordingly, Chase argues that since the Court must not reconsider whether the sale is voidable, the sole issue remaining on remand for a determination is whether Shirehampton is a bona fide purchaser.

Shirehampton argues that <u>Shirehampton II</u> does not bind the Court because the issue of

whether the foreclosure sale was voidable as a matter of law was not before the Ninth Circuit. Instead, Shirehampton argues that the Ninth Circuit states that review is of the entry of summary judgement in Shirehampton's favor and that the issue of whether the foreclosure sale was voidable as a matter of law would only have arisen on an appeal of an order granting Chase summary judgement.

To comply with the law of the case doctrine, the Court must follow the legal issue settled in Shirehampton II. Law of the Case applies to legal issues settled on appeal. Planned Parenthood of Cent. & N. Ariz. v. Arizona, 718 F.2d 938, 949 (9th Cir. 1983) ("[T]he decision of a legal issue by an appellate court must be followed in all subsequent proceedings in the same case at either the trial or appellate level."); Houser, 804 F.2d at 567 (The term "law of the case" applies to the principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided."); see also 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶134.20[1] ("law of the case doctrine is concerned with the extent to which law is applied in decisions at various stages of litigation becomes the governing principle in later stages.").

The Court finds that the Ninth Circuit in Shirehampton II explicitly found that, considering the facts in the light most favorable to Chase, these facts "**may** rise to the level of fraud, unfairness, or oppression, and which, when combined with a low sale price, make the sale here voidable." Shirehampton II, 835 F. App'x at 183 (emphasis added). In short, there remained a dispute of material fact preventing summary judgement for Shirehampton. See Abdul-Jabbar, 85 F.3d at 410.

Importantly, the Court finds that what Shirehampton II did not say is that because the facts on the record did not support summary judgment for Shirehampton *ipso facto* the facts supported summary judgment for Chase. Were that the case, the Ninth Circuit had the denial of Chase's summary judgement motion before it and could have remanded with instructions to enter summary judgment in favor of Chase. Padfield v. AIG Life Ins. Co., 290 F.3d 1121, 1124 (9th Cir. 2002) ("[A]n order denying summary judgment is reviewable when, as is the case here, it is coupled with a grant of summary judgment to the opposing party. We review both a denial and a grant of summary judgment de novo.") (citations omitted); see also McKeen-Chaplin v. Provident Sav.

*Bank*, 862 F.3d 847, 855 (9th Cir. 2017) ("[W]e must reverse the district court's grant of summary judgment in favor of Provident and remand with instructions to enter summary judgment in favor of [Appellees]."). Similarly, the Ninth Circuit could have remanded with instructions to decide the case on the issue of whether Shirehampton is a bona fide purchaser. *See, e.g.*, *Rudebusch v. Hughes*, 313 F.3d 506 (9th Cir. 2002) (remanding with instructions for a finder of fact to determine an issue where the record on appeal of summary judgment could not settle the issue); *Ass'n for L.A. Deputy Sheriffs v. Cnty of L.A.*, 648 F.3d 986 (9th Cir. 2011) (similar). The Ninth Circuit did neither.

Based upon this application of the appellate order to the record in this case, this Court finds that Ninth Circuit has remanded this case for this Court to consider whether the factual findings in the current record support a legal determination that the sale was voidable or whether this Court must make additional findings to determine whether the sale was voidable. Either way, the Court finds that the Ninth Circuit's use of the conditional "may" in its order leaves it to this Court on remand to make the relevant factual findings and appropriate legal finding based upon the mandate from *Shirehampton II*. *See* *United States v. Cote*, 51 F.3d 178, 181, 182 (9th Cir. 1995) (noting that a district court must still consider and decide matters left open by the mandate).

With this understanding of the mandate, the question for the Court, and the one raised by Chase in this motion, is whether the facts in the current record, this time read in the light most favorable to Shirehampton, support judgement for Chase as a matter of law.

### b.  The **Shadow Canyon** Factors

The Court now turns to the issue of voidability of the foreclosure sale. Under settled Nevada law, to set aside a foreclosure sale, the Court must find that the sale suffered from irregularities that rise to the level of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* ("*Shadow Canyon*"), 133 Nev. 740 (2017); *Shadow Wood Homeowners Ass'n v. N.Y. Cmty. Bancorp. Inc.* ("*Shadow Wood*"), 132 Nev. 49 (2016); *Golden v. Tomiyasu*, 79 Nev. 503 (1963). In *Shadow Canyon*, the Nevada Supreme Court explained that mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale,

but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." 133 Nev. at 749. Under this framework a court must "closely scrutiniz[e] the circumstances of the sale" for evidence of fraud, unfairness, or oppression. Id. at 749-50.

First, the Court addresses the inadequacy of the price based on the record. Shadow Wood indicated that a price less than 20 percent of the "fair market value" is indicative of gross inadequacy. 132 Nev. at 60. There, the court noted an appraisal and the original purchase price as comparators. Id. at 132, 132 n3 (citing Restatement (Third) of Prop.: Mortgages § 8.3 cmt. b (Am. L. Inst. 1997)). The Restatement (Third) of Property: Mortgages offers some additional guidance. First, "[f]or this purpose the latter means, not the fair "forced sale" value of the real estate, but after ample time to find a purchaser, between a vendor who is willing, but not compelled to sell, and a purchaser who is willing to buy, but not compelled to take a particular piece of real estate." Restatement (Third) of Prop.: Mortgages § 8.3 cmt. b. Further, "[w]here the foreclosure is subject to senior liens, the amount of those liens must be subtracted from the unencumbered fair market value of the real estate in determining the fair market value of the title being transferred by the foreclosure sale." Id.; see also Fair Market Value, BLACK'S LAW DICTIONARY (11th ed. 2019) ("The price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction; the point at which supply and demand intersect.").

Here, Chase presented expert evidence setting the fair market value of unencumbered title at the time of the HOA sale at $270,000. ECF 44-14.. Because Shirehampton has not presented evidence to the contrary or challenged this estimation, the Court takes the fair market value as established at $270,000 for purposes of this analysis. Shirehampton purchased the property for $9,700, or 3.5% of the fair market price. While there is no "hard-and-fast" rule for determining an inadequate price, such an inadequate price supports a finding for voiding the sale if there is any further evidence that "the sale was affected by fraud, unfairness, or oppression." Shadow Canyon, 133 Nev. at 748, 50.

Second, the Court turns to evaluate the fraud, unfairness, or oppression in the record. The Shadow Canyon court provided some examples of "irregularities that may rise to the level of fraud,

unfairness or oppression," including an HOA's failure to mail a deed of trust beneficiary the statutorily required notices or an HOA's representation that the foreclosure sale would not extinguish the first deed of trust. 133 Nev. at 750 n.11 (collecting cases). Those two potential Shadow Canyon irregularities are present in this case.

First, Red Rock failed to mail the statutorily required notices to MERS, Chase's predecessor-in-interest as beneficiary. In U.S. Bank, the Nevada Supreme Court established that beneficiaries are entitled to such notice and that a failure to mail a deed of trust beneficiary the required notices "'may rise to the level of fraud, unfairness, or oppression' that will render a sale voidable. . . ." 135 Nev. at 206 (2019) (quoting Shadow Canyon, 133 Nev. at 749 n.11). A failure to provide the beneficiary notice of default, even if notice of sale is provided, can present a basis for equitable relief under Shadow Canyon. Id. (finding a "classic claim for relief under Shadow Canyon" even if notice of sale was received.). Such a shortcoming alone does not, however, require relief under Shadow Canyon. See West Sunset, 134 Nev. 352.

Second, Red Rock's letter to MetLife suggested that an eventual foreclosure would not extinguish the deed of trust which, in fact, it would under Nevada law. In the pertinent part, the Red Rock letter said: "The [HOA's] Lien for Delinquent Assessments in Junior only to the Senior Lender/Mortgage holder. This Lien may affect your position." ECF No. 28-8 (dated December 31, 2009). In an unpublished opinion in Bank of N.Y. Mellon v. Fort Apache Homes, Inc., the Nevada Supreme Court found a similar failure to provide notice of sale could implicate Shadow Canyon and remanded to the trial court to determine whether that defect could warrant setting aside the sale. 133 Nev. 982 (2017).

The core issue is whether either or both potential irregularities "establish that fraud, unfairness, or oppression affected the sale" in this case. Shadow Canyon, 133 Nev. at 741. "[T]here is no reason to invalidate a 'legally made' sale absent actual evidence of fraud, unfairness, or oppression. Id. (citing Golden, 79 Nev. at 514) (emphasis original). Closely scrutinizing the record in the light most favorable to Shirehampton, the Court finds that the HOA foreclosure sale was tainted with irregularities that affected the price. First, Red Rock's failure to provide the beneficiary statutory notice is notice is a "classic claim" under Shadow Canyon. U.S. Bank, 135

Nev. at 206. Second and further, the misdirecting language in the Red Rock letter to MetLife is not cured with the vague mention that "This Lien may affect your position." Such misdirection has an obvious impact on the price at foreclosure—depriving the DOT-holder the opportunity to pay a relatively small amount to prevent the extinguishment of a far more sizable interest. Therefore, the Court finds that the foreclosure sale is voidable as a matter of law. Under <u>Shadow Canyon</u> the Court may set the sale aside if there is no competing equitable interest, such as a bona fide purchaser. 133 Nev. at741 (holding that "inadequacy of price" plus "some element of fraud, unfairness or oppression" that accounts for the price is "sufficient ground for setting aside a trustee's sale[.]")

### c. Bona Fide Purchaser

The Court must still decide if the determination of the adequacy of the foreclosure sale is impacted by the bona fide purchaser inquiry. Even though the foreclosure sale is voidable under <u>Shadow Canyon</u>, the Court must address whether Shirehampton is a bona fide purchaser.

Under Nevada law, a bona fide purchaser has a superior equitable claim regarding a voidable sale. <u>See</u> <u>U.S Bank</u>, 135 Nev. at 205 ("A void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value."). The bona fide purchaser doctrine provides an equitable remedy to protect innocent purchasers from an otherwise defective sale; it does not provide an equitable basis to invalidate an otherwise valid sale. <u>Wells Fargo Bank, N.A. v. Radecki</u>, 134 Nev. 619 (2018). <u>Shadow Wood</u> explained that a bona fide purchaser is one who makes a purchase at a foreclosure sale, "for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." 132 Nev. at 64-65 (quoting <u>Bailey v. Butner</u>, 64 Nev. 1 (1947)).

First, it is undisputed that Shirehampton paid valuable consideration for the property. <u>Id.</u> at 65 (citing <u>Fair v. Howard</u>, 6 Nev. 305, 308 (1871) ("The question is not whether the consideration is adequate, but whether it is valuable.").

Chase argues that the deed of trust was recorded four years prior to the foreclosure sale and

that, despite this notice, Shirehampton failed to inquire as to whether the title would be encumbered following that foreclosure sale. Shirehampton argues that every recorded document indicated that the HOA was foreclosing on a prior lien that would extinguish the deed of trust and provides an affidavit supporting that Shirehampton held that position at the time of the foreclosure sale.

The Court finds that Shirehampton had knowledge of the defects in the foreclosure sale and that exercising reasonable care would have put Shirehampton on notice of the defects. Establishing constructive notice is sufficient for purposes of defeating a claim to be a bona fide purchaser. See id. Shirehampton is a sophisticated real estate investor and could have reasonably determined that its purchase was at risk. While the Nevada Supreme Court had not clearly established whether an HOA foreclosure sale like the one here could extinguish a deed of trust, SFR Invs. Pool 1, 130 Nev. at 140, Shirehampton was certainly aware of the possibility. "Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby." Shadow Wood, 132 Nev. at 66.  Therefore, the Court finds that, as a matter of law, Shirehampton is not a bona fide purchaser. The Court further finds that the foreclosure sale is therefore voidable and taken subject to Chase's deed of trust.


## V.    CONCLUSION

For the reasons above,

**IT IS ORDERED** that Defendant-Counter Claimant JPMorgan Chase Bank, National Association's Post-Remand Motion for Summary Judgment (ECF No. 82) is **GRANTED**. The Court finds that the foreclosure sale in this case was voidable. Shirehampton Drive Trust acquired the Property subject to the lien of the Internal Revenues Services and the deed of trust in favor of Chase Bank.

///

///

///

**IT IS FURTHER ORDERED** that Defendant shall submit a proposed order for filing with state officials by **October 13, 2023.**

**DATED:** May 6, 2023.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**